UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| SHATAKEIA COLEMAN, on behalf of herself and others similarly situated | * | CIVIL ACTION NO.  15-2912 |
| VERSUS | * | JUDGE S. MAURICE HICKS, JR. |
| LOUISIANA DEPARTMENT OF VETERANS AFFAIRS NORTHWEST LOUISIANA WAR VETERANS HOME | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court, is a motion to dismiss for lack of subject matter jurisdiction on the basis of Eleventh Amendment immunity [doc. # 15] filed by defendant, Louisiana Department of Veterans Affairs. For reasons assigned below, it is recommended that the motion be GRANTED, and that plaintiff's complaint, as amended, be dismissed, without prejudice, in its entirety.

## Background

On December 30, 2015, Shatakeia Coleman, acting pro se, filed the instant collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*., individually, and on behalf of all other similarly-situated current and former employees of the Louisiana Department of Veterans Affairs Northwest Louisiana War Veterans Home (the "LDVANLWVH") for unpaid overtime, liquidated damages, attorney's fees, interest, and costs. (Compl.). Specifically, plaintiff alleged that defendant failed to pay all non-exempt employees one and one-half times their regular rate of pay for all hours works over forty in a workweek. *Id*.

On September 2, 2016, counsel enrolled on plaintiff's behalf. [doc. #s 12-13]. On September 28, 2016, the Louisiana Department of Veterans Affairs ("LDVA") filed the instant

motion to dismiss for lack of subject matter jurisdiction on the basis that it is immune from suit pursuant to the Eleventh Amendment of the United States Constitution.[1]

Plaintiff never filed an opposition to the motion to dismiss. Instead, on October 24, 2016, she filed an amended complaint which substituted and joined defendants, the LDVA, the Northwest Louisiana War Veterans Home ("NLWVH"); the Louisiana Office of Veterans Affairs ("LOVA"); the Louisiana Office of Risk Management ("LORM"); Joey Strickland, in his official capacity as Secretary of the LDVA ("Strickland"); and the Office of the Governor of Louisiana ("OGL"). (Amend. Compl.). Plaintiff also added a second cause of action for failure to pay overtime pursuant to the Louisiana State Civil Service Human Resources Handbook, which purportedly requires Louisiana state agencies to comply with FLSA requirements. *Id*.

When, by February 13, 2017, plaintiff had not filed returns of service for the newly added defendants, the Clerk of Court issued a notice of intent to dismiss for failure to prosecute. (Notice [doc. # 21]). In response, plaintiff requested, and the court granted a 90 day extension of time to perfect service – i.e., until May 30, 2017. [doc. #s 22-24]. However, plaintiff again failed to file the returns of service by the extended deadline. Accordingly, on June 12, 2017, the Clerk of Court issued another notice of intent to dismiss the unserved parties and accorded plaintiff 14 days to remedy the situation or risk dismissal. (Notice [doc. # 25]).

Plaintiff did not file a response to the notice. Therefore, on June 30, 2017, the Clerk of Court dismissed defendants, OGL, NLWVH, LORM, Strickland, and LOVA. (Order [doc. #

---

[1] The LDVA filed the motion to dismiss even though plaintiff named the LDVANLWVH as the lone defendant in her original complaint. In her amended complaint, plaintiff effectively deleted and separated LDVANLWVH into two parties – LDVA and NLWVH. *See* discussion, *infra*.

30]). The order specified, however, that plaintiff could seek reinstatement within 30 days upon good cause shown. *Id*. More than 30 days later, on August 2, 2017, plaintiff filed a motion to reinstate the dismissed parties. [doc. # 31]. In support of its motion, plaintiff attached returns showing that the dismissed defendants were served on May 30, 2017, thereby making their responsive pleadings due by June 20, 2017. *Id*. Because these additional parties had yet to appear in the case, the court granted the motion to reinstate as unopposed. (Aug. 8, 2017, Order [doc. # 32]).

On August 9, 2017, however, and in lieu of filing a responsive pleading on behalf of the new parties, the LDVA opted to file a motion for reconsideration challenging the court's reinstatement of the case as to the dismissed parties. [doc. # 33]. In support of its motion, the LDVA argued that the dismissed parties were not served until May 31, 2017 – one day beyond the 90 day extension granted by the court. The LDVA further argued that plaintiff's motion to reinstate the dismissed defendants was untimely because it was not filed within 30 days of the order of dismissal.

Plaintiff did not file a response to the motion for reconsideration, and the time to do so has lapsed. *See* Notice of Setting [doc. # 34]. Accordingly, the motion is deemed unopposed. *Id*. The motion for reconsideration is addressed via separate order.

## Discussion

A party's invocation of Eleventh Amendment immunity is analyzed as a challenge to the federal court's exercise of federal subject matter jurisdiction. *Mahogany v. Louisiana State*

*Supreme Court*, 262 Fed. Appx. 636 (5th Cir. Jan. 25, 2008) (citations omitted).[2]  It is well settled that

> [t]he Eleventh Amendment to the United States Constitution bars suits in federal court by citizens of a state against their own state or a state agency or department. Claims under federal statutes do not override the Eleventh Amendment bar unless there is a clear showing of congressional intent to abrogate the bar.

*Darlak v. Bobear*, 814 F.2d 1055, 1059 (5th Cir. 1987) (citation omitted).

The FLSA does not abrogate a state's sovereign immunity. *Parker v. Prairie View A & M Univ.*, 145 F. Supp.3d 702, 705 (S.D. Tex.2015) (citing *Alden v. Maine*, 527 U.S. 706, 712, 119 S.Ct. 2240 (1999)).[3]  In addition, Louisiana has refused to waive its Eleventh Amendment immunity from suit in federal court.  La. R.S. 13:5106; *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 147 (5th Cir. 1991).  Indeed, the LDVA specifically invoked immunity via the instant motion. Moreover, although plaintiff alleges that the Louisiana State Civil Service Human Resources Handbook requires state agencies to comply with the FLSA, there is no indication that the Handbook waived the state's immunity from suit by private individuals in federal court.[4]

---

[2] It is axiomatic that federal courts are courts of "limited jurisdiction possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256, 133 S.Ct. 1059, 1064 (2013) (citation and internal quotation marks omitted).  Thus, "there is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted).  In other words, the party seeking to invoke federal court jurisdiction bears the burden of demonstrating its existence. *Howery, supra*.
  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted).

[3] A private individual may not bring an action against a state in federal court for violation of certain provisions of the FLSA. *Huggins v. Univ. of Louisiana Sys. Bd. of Supervisors*, No. 08-1397, 2009 WL 223272, at *4 (W.D. La. Jan. 6, 2009) (citations omitted).

[4] On the other hand, sovereign immunity does not bar a suit by the United States, via the U.S. Department of Labor, on behalf of individual citizens under the FLSA. *Solis v. Texas*, 488 Fed. Appx. 837, 839 (5th Cir.2012) (citation omitted).  Receipt of federal funding does not waive

Finally, the LDVA is an arm of the state, and therefore eligible for Eleventh Amendment protection.[5] The court further observes that the remaining defendants are entitled to dismissal on the same or related basis as the LDVA.[6] First, the LORM, OGL, and LOVA are arms of the state and therefore entitled to Eleventh Amendment immunity. *See McFarland v. Office of Risk Mgmt.*, No. 14-0407, 2015 WL 419715, at *2 (E.D. La. Jan. 30, 2015) (Office of Risk

---

a state's immunity from FLSA actions. *Huggins, supra*.

[5] The court must examine six factors to determine whether an entity is an arm of the state:
- (1) whether the state statutes and case law characterize the agency as an arm of the state;
- (2) the source of funds for the entity;
- (3) the degree of local autonomy the entity enjoys;
- (4) whether the entity is concerned primarily with local, as opposed to statewide, problems;
- (5) whether the entity has authority to sue and be sued in its own name;
- (6) whether the entity has the right to hold and use property.

*Delahoussaye, supra* (citations omitted).
Louisiana law provides that "[t]here is established in the state government a department of veterans affairs, the administrative head of which is the state director of the department of veterans affairs." La. R. S. § 29:252. The legislature is required to appropriate funds to carry out the department's mission. *Id*. The LDVA is authorized to operate and maintain health care facilities for U.S. war veterans, i.e., its reach is statewide. La. R.S. 29:381. The LDVA also is authorized to take title to land, property, and facilities. La. R.S. 29:381. Moreover, it may enter into contracts on its own behalf. *Id*. Consideration of the relevant factors confirms that the LDVA is an arm of the state.

[6] The court possesses the inherent authority to dismiss a party sua sponte. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 1995 WL 534901 (5th Cir. 1995) (unpubl.) (the district court sua sponte dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer); *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties); *Thomas v. Texas Dept. of Family and Protective Services*, 427 Fed. Appx. 309 (5th Cir. 2011) (sua sponte dismissal on 11th Amendment grounds). Also, where a defending party establishes that a plaintiff has no cause of action, this defense should inure to similarly situated defendants. *See Lewis v. Lynn* 236 F.3d 766, 768, 236 F.3d 766 (5th Cir. 2001) (citations omitted).

Management); *Craig v. Bolner*, No. 15-00815, 2017 WL 4228757, at *2 (M.D. La. Sept. 22, 2017) (Office of the Governor); *Tomasik v. LA State Veterans Affairs Office*, 124 So.3d 613, 614. (La. App. 3d Cir. 2013) (equating Office of Veterans Affairs to the State). Second, to the extent that the NLWVH is an actual legal entity capable of being sued,[7] it also would be an arm or agency of the state. *Willis, supra* (state operated hospital is an alter ego of the State of Louisiana entitled to Eleventh Amendment immunity).

As to plaintiff's claims against Strickland in his official capacity, it is manifest that official capacity suits, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985) (citing, *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55 (1978)). Thus, "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Id*. Consequently, the Eleventh Amendment bars suit against state officials and employees of state entities, acting in their official capacities. *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citations omitted); *Green v. State Bar of Texas*, 27 F.3d 1083, 1087 (5th Cir.1994) (plaintiff cannot evade Eleventh Amendment by suing state employees in their official capacity).

Nevertheless, the *Ex parte Young* doctrine[8] recognizes an exception to Eleventh Amendment immunity for claims of prospective injunctive or declaratory relief against a state

---

[7] A state hospital is not a proper party defendant. *Willis v. H.P. Long Hosp.*, No. 11-238, 2011 WL 2457527, at *1 (W.D. La. May 24, 2011), R&R adopted, 2011 WL 2457520 (W.D. La. June 20, 2011).

[8] *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908).

official.  In other words, "prospective injunctive or declaratory relief against a state [official] is permitted . . . but retrospective relief in the form of a money judgment in compensation for past wrongs . . . is barred."  *Nelson v. Univ. of Texas at Dallas*, 535 F.3d 318, 322 (5th Cir. 2008) (citation omitted).

However, private litigants do not have a right to seek injunctive relief under the FLSA; rather, only the Secretary of Labor may do so.  29 U.S.C. §§ 211 & 217; *Henley v. Simpson*, No. 10-0590, 2012 WL 3017812, at *4 (S.D. Miss. July 23, 2012) (citations omitted), vacated in part, 527 Fed. Appx. 303 (5th Cir.2013).  Further, because declaratory judgments "in every practical sense operate" like injunctive relief, the FLSA does not permit courts to imply a private right to seek injunctive *or* declaratory relief.  *Michigan Corr. Org. v. Michigan Dep't of Corr.*, 774 F.3d 895, 903–04 (6th Cir.2014).

In sum, all defendants in this case are entitled to Eleventh Amendment immunity as to plaintiff's claims under the FLSA.  Accordingly, the court lacks jurisdiction to proceed.  *Warnock v. Pecos County, Tex.*, 88 F.3d 341 (5th Cir. 1996) (citing Fed.R.Civ.P. 12(b)(1)).  Having determined that defendants are entitled to Eleventh Amendment immunity as to the federal law claim that conferred original subject matter jurisdiction, the court cannot exercise supplemental jurisdiction over plaintiff's second cause of action, which apparently endeavors to assert a state law claim for breach of Handbook provisions.  *Hernandez v. Texas Dep't of Human Servs.*, 91 Fed. Appx. 934, 935 (5th Cir.2004) (supplemental jurisdiction statute, 28 U.S.C. § 1367, does not abrogate Eleventh Amendment immunity).[9]

## Conclusion

---

[9] There also is no diversity jurisdiction, 28 U.S.C. § 1332.

For the above-assigned reasons,

IT IS RECOMMENDED that the motion to dismiss for lack of subject matter jurisdiction [doc. # 15] filed by defendant, Louisiana Department of Veterans Affairs be GRANTED, and that plaintiff's complaint, as amended, be dismissed without prejudice, in its entirety, as to all parties.  Fed.R.Civ.P. 12(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 11th day of December 2017.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE